**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **TIMOTHY JERDELL WHITE** ) | |
|     **ID # 1520607,** ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:12-CV-2688-B-BH |
| ) | |
| **RICK THALER,  Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
|         Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation.  Based on the relevant filings, evidence and applicable law, the petition for habeas corpus relief should be denied as barred by the statute of limitations.

**I.  BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondent is Rick Thaler, Director of TDCJ-CID.

On July 9, 2008, petitioner was convicted of possession of a controlled substance and unlawful possession of a firearm of a felon in Cause Nos. F07-57832-K and F07-57833-K in the Criminal District Court No. 4 in Dallas County, Texas.  He was sentenced to fifteen and ten years imprisonment, respectively. (Petition (Pet.) at 2; *see also* www.tdcj.state.tx.us, search petitioner's inmate records). He appealed his convictions and sentences, and the Fifth District Court of Appeals affirmed them in an unpublished opinion on August 5, 2010.  *White v. State*, Nos. 05-08-01012-CR, 05-08-01013-CR (Tex. App. – Dallas, Aug. 5, 2010, pet. ref'd).  Petitioner's appellate attorney filed a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals in Appellate Cause No. 05-08-01012-CR( Trial Cause No. F07-57832-K), that was refused on January 12, 2011.  *See* PD-1259-10.

She did not file a petition for certiorari with the Supreme Court. Petitioner's appellate counsel decided not to file a PDR in Appellate Cause No. 05-08-01013-CR (Trial Cause No. F07-57833-K), and she advised petitioner of this decision in a letter dated October 6, 2010. (*See* Reply, Ex. B).

On February 29, 2012, petitioner signed a state application for writ of habeas corpus with the trial court challenging his conviction for unlawful possession of a firearm in Cause No. F07-57833-K; it was stamped as received by the trial court on March 6, 2012. The Court of Criminal Appeals denied it without written order on May 16, 2012. (State Habeas Transcript "S.H.Tr." at cover, 2, 16). No state writ was filed in Cause No. F07-57832-K with the trial court. Petitioner mailed his federal petition on August 2, 2012. (Pet. at 10).

## II.  STATUTE OF LIMITATIONS

### A. Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because the petition in this case was filed after its effective date, the Act applies.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through

2

the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Here, petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore calculated from the latest of the date his convictions became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)).

**1. Cause No. F07-57832-K**

Petitioner filed a PDR in this case, but he did not file any petition for writ of certiorari with the United States Supreme Court after his PDR was refused by the Court of Criminal Appeals. His state conviction therefore became final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.3. Petitioner's PDR was refused on January 12, 2011, so his state conviction became final ninety days later, on April 12, 2011.

With regard to subparagraph (D), petitioner claims that the evidence is insufficient to support his conviction. (Pet. at 6). Accordingly, the facts supporting his claim became known or could have become known prior to the date his state judgment of conviction became final. Because petitioner filed his petition more than one year after his conviction became final on April 12, 2011, a literal application of § 2244(d)(1) renders his August 2, 2012, filing[1] untimely.

---

[1] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

### 2. Cause No. F07-57823-K

Petitioner did not file a PDR with the Court of Criminal Appeals in this case. His state conviction therefore became final for purposes of § 2244(d) by the expiration of the thirty-day time frame for seeking further review after his conviction was affirmed on direct appeal, on September 6, 2010. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 654-55 (2012) (holding that when a federal habeas petitioner does not appeal to his state's highest court, his conviction became final when his time for seeking review with the state's highest court expires, and not when the mandate issues).

With regard to subparagraph (D), petitioner appears to claim that the evidence is insufficient to support his conviction. (Pet. at 6). Accordingly, the facts supporting his claim became known or could have become known prior to the date his state judgment of conviction became final. Because petitioner filed his petition more than one year after his conviction became final on September 6, 2010, a literal application of § 2244(d)(1) renders his August 2, 2012, filing untimely in this case, as well.

### B. Statutory Tolling

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added).

### 1. Cause No. F07-57832-K

In this case, petitioner's conviction became final on April 12, 2011, but no state writ was properly filed with the trial court that would statutorily toll the one-year limitations period. Therefore, the statutory tolling provision does not save the federal petition with respect to this conviction.

### 2. Cause No. F07-57833-K

In this case, petitioner's conviction became final on September 6, 2010. Petitioner did file a

state writ in this case, which he signed on February 29, 2012. The Fifth Circuit has recently held that, due to a change in Texas state law regarding when state post-conviction pleadings are considered filed, under Texas law the pleadings of *pro se* inmates, including petitions for state post-conviction relief, are deemed filed at the time they are delivered to prison authorities, not at the time they are stamped by the clerk of the court. *Richards v. Thaler*, 2013 WL 809246, *5 (5th Cir. Mar. 5, 2013). Assuming for purposes of this petition that petitioner placed his writ in the mail on the date he signed it, February 29, 2012, the one-year limitations period had already lapsed (on September 6, 2011). It is well-settled that a document filed in state court after the limitations has expired does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, the statutory tolling provision does not save the his federal petition with respect to this conviction, either.

**C. Equitable Tolling**

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden

5

to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

1. **Cause No. F07-58232-K**

In his reply brief, petitioner asserts that he is entitled to equitable tolling in this case because, contrary to the state records in this case, he did file a state writ in this case on the same date that he filed a state writ challenging his conviction for possession of a firearm by a felon. (Reply at 2)[2] The trial court did not receive this state writ. However, even assuming for purposes of this petition that petitioner mailed a state writ in this case, equitable tolling would not render his federal petition timely. As of February 29, 2012, when this state writ was allegedly mailed, 324 days had elapsed since April 12, 2011, when petitioner's conviction was final in this case, leaving only 41 days remaining in the one-year limitations period. After the state writ was denied in his other case on May 16, 2012, petitioner waited another 79 days before he mailed his federal petition on August 2, 2012. Therefore, even were this Court to grant petitioner equitable tolling in this case for the entire period that the state writ was pending in his other case, it does not render his federal petition timely with respect to this conviction.

2. **Cause No. F07-58233-K**

Petitioner asserts that he is entitled to equitable tolling in this case because he was led to believe in a letter from his attorney dated August 11, 2010, that a PDR would be filed. He was not advised

---

[2] Petitioner states that he has evidence that both state writs were filed on March 2, 2012, but for purposes of argument, this Court will assume that the mail date is that date the writ was signed, February 29, 2012. (*See* Reply at 2).

6

until he received a letter dated October 6, 2010, after the thirty-day period for filing a PDR has elapsed, that the PDR was not filed. (Reply at 1-2, Ex. A, B). Petitioner's appears to argue that he is entitled to equitable tolling of the one-year statute of limitations because he was not able to timely file a *pro se* PDR in this case. This does not establish that petitioner has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely filing either his state or federal writ. Although petitioner may have wished to file a *pro se* PDR, he was advised by his attorney in October 2010, that one had not been filed. He waited until February of 2012 before he filed a state writ, and then waited almost another three months after it was denied on May 16, 2012, before filing his federal petition. He has failed to show that he has diligently pursued his rights. Therefore, his federal petition is barred by the statute of limitations.

### III. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED** on this 18th day of April, 2013.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE